

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

A. G. Opinion No. O-8260
Re: Whether or not the operator
of a store, in which religious
books and religious literature
only are sold, is exempt from
chain store taxes under Art.
1111d, Penal Code.

    This is in answer to your request for our opinion on whether or not the operators of the Baptist Book Stores of Texas are exempt from payment of chain store taxes. As we understand, religious books and religious literature, and practically no other items, are sold in said stores. You attached to your request a copy of a letter from the manager of said stores, which outlines the facts and said manager's contentions, as follows:

    "1.  Ownership:  The Baptist Book Stores of Texas are owned and operated by the Baptist General Convention of Texas, whose office is in Dallas, Texas, and the Baptist Sunday School Board of Nashville, Tenn. Both of these boards are strictly religious institutions, one being the Missionary Board and the other being the publishing board for the publishing of literature for Sunday Schools over the South.

    "2.  Profits and Losses:  All profit made from the merchandise we handle is credited to the investment accounts of the owners. Only a small margin of profit is made on that which we sell and the store tax would be another item which we can ill afford to pay.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

"3. Merchandise handled:  We handle in all of our three stores only books, Bibles, Church and Sunday School Supplies, and in a small way we handle some general books, greeting cards, fountain pens, etc. This latter class, however, would not consist of as much as 5% of our total volume.

"4. Plea for Exemption:  We base our plea for exemption on the fact of our being entirely a religious organization, selling only religious items at a small margin of profit.  We have been exempted in practically every license or tax heretofore assessed against us, as for instance, we have not paid our State and County tax since the store was started. "

Chain store taxes are prescribed by House Bill 89, 1st Called Session, 44th Legislature, 1935, known as the Chain Store Tax Law, and codified as Article 11114 of Vernon's Annotated Penal Code of Texas, said act reading in part as follows:

"Sec. 2.  Any person, agent, receiver, trustee, firm, corporation, association or copartnership desiring to operate, maintain, open or establish a store or mercantile establishment in this State shall apply to the Comptroller of Public Accounts for a license so to do. . .

"Sec. 4.  All licenses shall be so issued as to expire on the thirty-first day of December of each year.  On or before the thirty-first day of December of each year, every person, agent, receiver, trustee, firm, corporation, association or copartnership having a license shall apply to the Comptroller of Public Accounts for a renewal license for the calendar year next ensuing. . .

"Sec. 5.  Every person, agent, receiver, trustee, firm, corporation, association or copartnership opening, establishing, operating or maintaining one or more stores or mercantile establishments within this State, under the same general management, or ownership, shall pay the license fees hereinafter

Hon. Geo. H. Sheppard, page 3

prescribed for the privilege of opening, establishing, operating or maintaining such stores or mercantile establishments.  The license fee herein prescribed shall be paid annually and shall be in addition to the filing fee prescribed in Section 2 and 4 of this Act.  Provided that the terms, 'store, stores, mercantile establishment or mercantile establishments' wherever used in this act shall not include: wholesale and/or retail lumber and building material businesses engaged exclusively in the sale of lumber and building material; and/or oil and gas well supplies and equipment dealers; or any place of business engaged exclusively in the storing, selling, or distributing of petroleum products and servicing of motor vehicles; or any business now paying an occupation tax measured by gross receipts; or any place or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture only; or any place or places of business used by bona fide processors of dairy products for the exclusive sale at retail of such products. (Underscoring ours)

"Sec. 7.  The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

This act does not levy an ad valorem tax or a tax on property of any kind, but it levies an occupation tax.  In the case of Hurt v. Cooper, 130 Tex. 433, 110 S. W. (2d) 456, the court construed this act and said:

". . . we experience no difficulty in reaching the conclusion that the so-called license fees levied thereby are primarily occupation taxes . . ."

We believe that any person who operates, maintains, opens or establishes a store, as that term is defined in the

Hon. Geo. B. Sheppard, page 4

statute, is subject to the chain store tax therein prescribed, unless that person is exempted by some specific provision in that statute or some other statute. In 4 Cooley on Taxation, 4th Ed. 3427, the law is stated as follows:

"A particular person cannot be exempted from payment of an occupation-tax on a specified occupation, unless there is constitutional authority therefor. . ."

We have quoted above all of the exemptions that appear in the Chain Store Tax Law, and we believe it is clear that none of said exemptions apply to a religious organization that operates, maintains, opens or establishes a store in which are sold only religious books and religious literature.

We also believe that no other statute allows such an exemption. Article VIII, Section 2, of the Constitution of Texas provides that the Legislature may exempt from taxation actual places of religious worship, and any property owned by a church or by a strictly religious society for use as a dwelling place for its minister, and also property used exclusively in conducting any association engaged in promoting religious development of young people; and by the terms of Article 7150, Vernon's Annotated Revised Civil Statutes of Texas, the Legislature has exempted such property from taxation. However, it is our belief that said exemption applies only to direct taxes on property, and that it does not apply to an occupation tax. The chain store tax is an occupation tax.

The Legislature has seen fit to exempt from the payment of chain store taxes persons who operate lumber and building material businesses engaged exclusively in the sale of lumber and building material, oil and gas well supply and equipment dealers, and others enumerated in the statute; but it has not exempted persons operating the type of stores you ask about. We have examined all of the exemptions relative to the payment of chain store taxes, and none of them can be construed to include religious organizations that operate stores in which are sold religious books and religious literature.

341

Our answer to your inquiry is that under the facts you have given us the persons who operate the Baptist Book Stores of Texas are liable for chain store taxes under the Chain Store Tax Law.

APPROVED MAR 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Rotsch
Assistant

CCR:N

